## UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT

| | | |
|---|---|---|
| YASMIN SAIGHI, | ) | |
| Appellant, | ) | |
| | ) | corrected |
| v. | ) | **NOTICE OF APPEAL** |
| | ) | |
| DENISE TURNER ROTH, Administrator | ) | (CBCA 3693) |
| of the U.S. General Services Administration,) | | |
| Appellee. | ) | |

Yasmin Saighi, Appellant herein, hereby appeals the Court for review of decision denying Petitioner's claim in CBCA 3693 by the United States Civilian Board of Contract Appeals entered on March 25, 2015. The order or decision was received on March 25, 2015.

A copy of such decision being hereto attached.

Dated this: July 21, 2013.

YASMIN SAIGHI, *Appellant*

Mitchell E. Shamas OBA#8113
Shamas Law Office pllc
6863 S Canton Ave
Tulsa, OK 74136-3405
Tel: 918-496-0994
mitchell@shamaslaw.com
*Attorney for Appellant*

## CERTIFICATE OF SERVICE

I hereby certify that on the 21st day of July, 2015, a true and correct copy of the above and foregoing instrument was sent via electronic mail to:

US Civilian Board of Contract Appeals
Attn: Office of the Clerk
1800 F Street, NW
Washington, DC 20405
cbca.efile@cbca.gov

Jenny M. Matte, Esq.
Office of the Regional Counsel, GSA
77 Forsyth Street, Suite 600
Atlanta, Georgia 30303
Jenny.matte@gsa.gov
*Counsel for Appellee*

Mitchell E. Shamas



**UNITED STATES**
**CIVILIAN BOARD OF CONTRACT APPEALS**

DENIED: March 25, 2015

CBCA 3693

YASMIN SAIGHI,

Appellant,

v.

GENERAL SERVICES ADMINISTRATION,

Respondent.

Yasmin Saighi, pro se, Tulsa, OK.

Jenny M. Matte, Office of Regional Counsel, General Services Administration, Atlanta, GA, counsel for Respondent.

Before Board Judges **SOMERS**, **McCANN**, and **DRUMMOND**.

**DRUMMOND**, Board Judge.

This appeal arises out of the purchase of a boat by Yasmin Saighi at an online auction conducted by the General Services Administration (GSA). GSA and Ms. Saighi have filed motions for summary relief. Ms. Saighi has also moved to strike GSA's denial that an agency relationship existed between GSA and Ed Weilbacher, general manager of Kaskaskia Regional Port District, Evansville, Illinois. We grant GSA's motion and deny Ms. Saighi's motions.

CBCA 3693                                                                  2

## Background

In May 2013, GSA conducted an internet auction for the sale of a fire/patrol boat named the "M/V Blankenship" (boat). The boat information, including photographs, was shown on the website. The boat description estimated that the boat was manufactured in 1987. It stated, *inter alia*, that the boat had "twin draft V6 - 92TA Detroit diesel engines . . . [which were] rebuilt in April 1998 [and a] Kubota V2038 diesel engine, 5 cyl, 46 BHP [and] . . . needs new batteries." The description included the warning that "repairs may be required. Parts may be missing. Deficiencies, when known, have been indicated in the property description. However, absence of any indicated deficiencies does not mean that none exits." The description also included a statement, appearing in all capital letters, warning bidders that GSA did not warrant the condition of the boat.

The boat was docked at the Kaskaskia Regional Port District marina in Evansville, Illinois, and was available for bid only by persons who accepted the terms and conditions of sale which were posted on the website. Ms. Saighi inspected the boat prior to the auction and did not advise GSA as to any problems with the boat. She also agreed to the terms and conditions of the sale, including the following paragraphs:

**Inspection of Property**
Bidders agree to physically inspect the property upon which they bid or thereby waive the opportunity to conduct a physical inspection. In waiving their inspection rights, bidders bear the risk for any gross omissions regarding the functionality of items, failures to cite major missing parts and/or restrictions with regards to usage that would have been revealed by physical inspection. There are times when access to property may be limited due to property being located in a restricted area. GSA will do all that it can to ensure that photos and detailed descriptions are provided in these instances.

During an inspection at a government facility, actions taken by bidders are at their own risk. The U.S. Government will not be liable for any or all debts, judgments, costs, demands, suits, actions, or claims of any nature arising from or incident to their inspection at the Government facility, including any injuries that a bidder incurs due to their own actions or neglect on during [sic] their visit to a Government facility.

**Reporting Discrepancies/Hazardous Materials**
Prospective purchasers are asked to inform the sales office of any discrepancies in the property descriptions discovered while inspecting the

property and of any lots in this sale that contain hazardous material/waste not indicated in the property descriptions.

**Condition of Property**
**The following replaces Clause 2 of the General Terms and Conditions of the Standard Form (SF) 114C:** Condition of property is not warranted. Deficiencies, when known, have been indicated in the property descriptions. However, absence of any indicated deficiencies does not mean that none exists. Therefore, the bidder should ascertain the condition of the item through physical inspection. Please also reference the Inspection of Property clause.

**Description Warranty & Refunds**
The Government warrants to the original purchaser that the property listed in the GSAAuctions.gov website will conform to its written description. Features, characteristics, deficiencies, etc. not addressed in the description are excluded from this warranty. GSA further cautions bidders that GSA's written description represents GSA's best effort to describe the item based on the information provided to it by the owning agency. Therefore, gross omissions regarding the functionality of items, failures to cite major missing parts and/or restrictions with regards to usage may occur.

The Government does not warrant the merchantability of the property or its purpose. The purchaser is not entitled to any payment for loss of profit or any other money damages - special, direct, indirect, or consequential.

**Refunds Claim Procedures**
Please be advised that refunds are not a frequent practice of GSA Auctions. A request for refund must be substantiated in writing to the Contracting Officer for issues regarding misdescribed property, missing property and voluntary defaults within 15 calendar days from the date of payment.

**Refund Amount**
The refund is limited to the purchase price of the misdescribed property.

**Claims of Misdescription**
If items have been awarded but not paid for and the successful bidder feels that the property is misdescribed, he/she must follow these procedures: A written claim needs to be submitted to the Sales Contracting Officer within 15 calendar days from the date of award requesting release of contractual obligation for reasons satisfying that of a misdescription. No verbal contact

with the custodian or the Sales Contracting Officer or any other federal official will constitute a notice of misdescription.

GSA awarded the contract for the boat to Ms. Saighi on May 30, 2013, noting that the bid price was $30,056. Ms. Saighi paid for the boat and took possession of it on June 6, 2013. Ms. Saighi claims that she expended $2200 in repairs. The repairs include installing two new marine batteries and repairing a broken window and door.

The first notification that Ms. Saighi was not satisfied with the condition of the boat is found in her email message dated October 27, 2013, sent to the contracting officer. Ms. Saighi complained that GSA had failed to disclose important information regarding the boat. Ms. Saighi stated that she had recently learned from local residents that the boat partially sank a few years before the sale. She stated further that both engines needed to be overhauled at a cost of approximately $96,000.

By letter dated November 19, 2013, the contracting officer responded to Ms. Saighi's email message dated October 27, 2013. The contracting officer stated that she had

> contacted Ed Weilbacher, the custodian and he confirmed the . . . [boat] was in sound condition and afloat at dock for 2 years prior to this sale. The dip sticks were checked and there was no water in the engines. The . . . [boat] was in the state of remodeling that was never completed. The custodian also confirmed that all bidders were made aware of the condition and he made no assurances or guaurantees that the engines ran.

> On June 29, 2013, you authorized your husband . . . to remove the . . . boat on your behalf . . . in early September. The individual that you hired for towing did not have a big enough engine, and after going up river for a short distance, the . . . [boat] was returned to the deck barge dock.

The record does not indicate the condition of the boat upon its return.

The contracting officer stated further that GSA cautioned bidders that the "written description represents GSA's best effort to describe the item based on the information provided to it by the owning agency. Therefore, gross omissions regarding the functionality of items, failures to cite major missing parts and/or restrictions with regards to usage may occur."

The contracting officer continued by stating that the "Government does not warrant the merchantability of the property or its purpose. The purchaser is not entitled to any

payment for loss of profit or any other money damages - special, direct, indirect, or consequential."

On December 1, 2013, Ms. Saighi repeated her written complaint that the boat partially sank before the auction. She alleged that GSA knew or should have known about the earlier sinking and GSA should have advised potential bidders of the sinking within the sale description. Ms. Saighi requested that GSA refund the "full purchase price and money invested [presumably the $2200 for repairs]." Alternatively, she requested that GSA "refund 50% of the purchase price." The contracting officer responsible for this contract has stated in her affidavit that neither she nor any other GSA employee had knowledge that the boat sank before the sale. Likewise, Mr. Weilbacher has stated in his affidavit that he has no knowledge or information of the boat sinking prior to the sale.

On December 11, 2013, the contracting officer issued a formal decision denying Ms. Saighi's claim. The decision referenced the terms and conditions above and concluded that the boat was not misdescribed in the sales information, the condition was not guaranteed, and the claim was not timely submitted. The contracting officer concluded by advising Ms. Saighi about her appeal rights.

On appeal, Ms. Saighi alleges breach of contract and fraud due to misdescription and seeks $30,056 in exchange for the boat, reimbursement of the $2200 expended for repairs, and punitive damages exceeding $50,000. Ms. Saighi alleges that Mr. Weilbacher's affidavit statement denying any prior knowledge of the boat sinking is false and has offered documents and sworn statements as support. The Board finds that the documents and sworn statements submitted by Ms. Saighi fail to show conclusively that Mr. Weilbacher's affidavit statements are false. The Board also finds that Ms. Saighi's evidence fails to show that Mr. Weilbacher was acting as an agent of GSA.

## Discussion

GSA has moved for summary relief, asserting that, as a matter of law, the boat was not misdescribed and Ms. Saighi is, in any event, not entitled to relief because she failed to comply with the terms and conditions of the auction. Ms. Saighi has filed a cross motion. She alleges for the first time that the contract is voidable based on agency and joint venture theories. She additionally alleges that she is entitled to punitive damages and attorney fees. Ms. Saighi has additionally moved to strike GSA's statements denying that an agency relationship existed between GSA and the State of Illinois and that the State of Illinois failed to disclose to GSA that the boat sank prior to the sale and that both engines had been submerged. GSA disputes Ms. Saighi's allegations and opposes the motion to strike. GSA

CBCA 3693                                                                                      6

argues that the Board lacks jurisdiction to consider the agency and joint venture allegations, as they were never presented to the contracting officer.

Summary relief is appropriate when the moving party is entitled to judgment as a matter of law, based on undisputed material facts. The moving party shoulders the burden of proving that no genuine issues of material fact exists. *Patick C. Sullivan v. General Services Administration*, CBCA 936, 08-1 BCA ¶ 33,820. The nonmoving party is then required to rebut the motion by articulating facts that show there is a genuine issue for trial. *Celotex Corp.v. Catrett*, 477 U.S. 317, 324 (1986).

The terms and conditions of the auction in which Ms. Saighi purchased the boat preclude the relief she seeks. First, the "Description Warranty" paragraph of the terms and conditions provides that the GSA's only warranty is that the property listed on the website will conform to its description. Ms. Saighi does not allege that the boat did not conform to its written description.

Second, the "Oral Statements and Modifications" paragraph provides that "[a]ny oral statement or representation by any representative of the Government, changing or supplementing the offering or contract or any condition thereof, is unauthorized and shall confer no right upon the bidder or purchaser." Statements by third parties, if made, were oral and therefore confer no right on the purchaser. *Gaven L. Rouse v. General Services Administration*, GSBCA 15993, 03-1 BCA ¶ 32,210.

Third, even if those purported oral statements did confer on Ms. Saighi a right to recover for a misdescription, the "Description Warranty" and "Refund Claim" paragraphs provide that once an item has been moved by the purchaser, a refund is available only if the purchaser fulfills three requirements. She must submit a written notice of misdescription to the contracting officer within fifteen days of the date of award or payment, maintain the property in the purchased condition until it is returned, and return the property to a location specified by the contracting officer. Ms. Saighi did not fulfill any of these requirements.

Fourth, the "Description Warranty" and "Refund Amount" paragraphs limit recovery in the event of a misdescription to a refund of the purchase price. Payment for repairs is not allowed. *William W. Caswell v. General Services Administration*, CBCA 479, 07-2 BCA ¶ 33,679; *John A. Glasure v. General Services Administration*, GSBCA 16046, 03-2 BCA ¶ 32,284; *Dan Parish v. General Services Administration*, GSBCA 16025, 03-1 BCA ¶ 32,211; *Bob's Auto Sales v. General Services Administration*, GSBCA 14447, 98-1 BCA ¶ 29,647; *Garrett J. Veenstra*, GSBCA 7251, 85-2 BCA ¶ 18,127, at 90,983 (Board cannot reform contract to give purchaser of boat at auction the different remedy of keeping the vessel and receiving reimbursement for repairs).

CBCA 3693                                                                                            7

This Board has no subject matter jurisdiction to award punitive damages. *See Schrager Auction Galleries, Ltd. v. Department of the Treasury*, GSBCA 15658-TD, 02-1 BCA ¶ 31,710 (2001). There also is no basis for this Board to decide appellant's allegations that the contract is voidable based on agency and joint venture theories, because these allegations involve different operative facts from those presented to the contracting officer. *M. Maropakis Carpentry, Inc. v. United States*, 609 F.3d 1323 (Fed. Cir. 2010). These claims must be first presented to the contracting officer. Accordingly, Ms. Saighi's motion to strike is denied.

## Decision

The Board grants GSA's motion for summary relief and denies Ms. Saighi's motion for summary relief. This appeal is **DENIED**.

_____
JEROME M. DRUMMOND
Board Judge

We concur:

_____             _____
JERI K. SOMERS                                          R. ANTHONY McCANN
Board Judge                                             Board Judge

## UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT

YASMIN SAIGHI,                                )
      Appellant,                            )
                                 )
          v.                                       )          **NOTICE OF APPEAL**
                                 )
DENISE TURNER ROTH, Administrator   )          (CBCA 3693)
of the U.S. General Services Administration,)
      Appellee.                             )

Yasmin Saighi, Appellant herein,  hereby appeals the Court for review of

decision denying Petitioner's claim in CBCA 3693 by the United States Civilian

Board of Contract Appeals entered on March 25, 2015.  The order or decision was

received on March 25, 2015.

A copy of such decision being hereto attached.

Dated this: July 21, 2013.

YASMIN SAIGHI, *Appellant*

Mitchell E. Shamas OBA#8113
Shamas Law Office pllc
6863 S Canton Ave
Tulsa, OK 74136-3405
Tel: 918-496-0994
mitchell@shamaslaw.com
*Attorney for Appellant*

## CERTIFICATE OF SERVICE

I hereby certify that on the 21st day of July, 2015, a true and correct copy of the above and foregoing instrument was sent via electronic mail to:

US Civilian Board of Contract Appeals
Attn: Office of the Clerk
1800 F Street, NW
Washington, DC 20405
cbca.efile@cbca.gov

Jenny M. Matte, Esq.
Office of the Regional Counsel, GSA
77 Forsyth Street, Suite 600
Atlanta, Georgia 30303
Jenny.matte@gsa.gov
*Counsel for Appellee*

Mitchell E. Shamas

███████████

| | |
|---|---|
| **From:** | FilingNotice@cafc.uscourts.gov |
| **Sent:** | Tuesday, July 21, 2015 4:09 PM |
| **To:** | ████████████████████ appeal |
| **Subject:** | Agency Petition (fee) Transaction Submitted |

Transaction submitted by Mitchell E. Shamas on 07/21/2015 at 04:09 PM

**Description**: Agency Petition (fee)
**Payment Method**: DirectDebit
**Fee Receipt Number**: ████████
**Fee Amount**: $500.00