No. 15-1859

IN THE UNITED STATES COURT OF APPEALS
FOR THE FEDERAL CIRCUIT

YASMIN SAIGHI,

*Appellant,*

*v.*

GENERAL SERVICES ADMINISTRATION,

*Appellee,*

Appeal from the Civilian Board of Contract Appeals in
No. 3693, Administrative Judge Jeri Kaylene Somers,
Administrative Judge Jerome M. Drummond, and
Administrative Judge R. Anthony McCann.

REPLY
BRIEF OF APPELLANT

Mitchell E. Shamas
Shamas Law Office, pllc
6863 S. Canton Ave.
Tulsa, OK 74136-3405
(918) 496-0994
Fax (918) 496-0982
Attorney for Appellant

# TABLE OF CONTENTS

Page

TABLE OF CONTENTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . i

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iii

STATEMENT OF ISSUES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

STATEMENT OF THE CASE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

    I.    Course of Proceedings Below . . . . . . . . . . . . . . . . . . . . . . . . . . 1

    II.    Additional Statement of Facts . . . . . . . . . . . . . . . . . . . . . . . . . . 4

        A.    The Online Auction of the Blankenship . . . . . . . . . . . . . . . 4

        B.    Ms. Saighi's Refund Demand Based on Mis-description . . . . 6

SUMMARY OF ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

    I.    Standard of Review . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

    II.    The CBCA Erred in Granting GSA's Motion
        for Summary Judgment . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

        A.    Reply to GSA's Assertion That CBCA Properly Granted
                GSA's Motion for Summary Relief . . . . . . . . . . . . . . . . . . 8

        B.    Reply to GSA's Assertion The Board Properly Found That
                There Was No Genuine Issue Of Material Fact
                Regarding GSA's Knowledge Of Alleged Problems
                With the Blankenship . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

C.    Reply to GSA's Assertion that Ms. Saighi Failed To
Prove Her Agency And Joint Venture Theories,
And Failed Initially To Present Those Theories
To GSA's Contracting Officer . . . . . . . . . . . . . . . . . . . . . . 12

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

CERTIFICATE OF COMPLIANCE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

CERTIFICATE OF SERVICE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

# TABLE OF AUTHORITIES

## Cases

*Anderson v. Liberty Lobby, Inc.,*
     477 U.S. 242, 248-49, 106 S.Ct. 2505, 2510,
     91 L.Ed.2d 202 (1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Felty v.Graves-Humphreys Co.,*
    818 F.2d 1126, 1127-28 (4th Cir.1987) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Higgins v. E. I. DuPont De Nemours & Co.,*
863 F.2d 1162, 1166-67 (4th Cir.1988) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Rex Sys., Inc. v. Cohen,*
    224 F.3d 1367 (Fed. Cir. 2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

## Statutes

41 U.S.C. §7105(e)(1)(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

41 U.S.C. Section 7107(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

# STATEMENT OF ISSUES

1.      Did the CBCA commit error in concluding as a matter of law that the Appellant was required to show conclusively that Ed Weilbacher's affidavit statements were false?

2.      Was Appellant required as a matter of law to assert in her claim to the contracting officer that the contract is voidable based on agency and joint venture theories or the same were precluded from consideration by the CBCA?

3.      Is the knowledge of Ed Weilbacher imputed to the sale principals?

4.      If the knowledge of Ed Weilbacher is imputed to the sale principals, is the agreement of the parties voidable?

5.      Should the decision of the CBCA be reversed and the Cross-Motion for Summary Relief of Appellant be granted?

# STATEMENT OF THE CASE

I.      **Course of Proceedings Below**

Neither briefing attorney represented the parties during the proceedings below.  Although not material to the issues of the case, the chronology of the course of proceedings before the CBCA is incorrectly portrayed by Appellee (hereinafter somtetime referred to as "GSA").   While it is true that *pro se* Appellant did file her

motion to disqualify the Board judge, the exact point at which such motion occurred is not as stated in GSA's brief.

Appellant filed her initial complaint asserting "agents of GSA in possession of the Boat knew that the Boat had been sunken and failed to disclose such fact in order to deter from devaluing the boat. Custodian of the Boat, Mr. Ed Weilbacher of Kaskaskia Regional Port District, and his secretary had first-hand knowledge that the Boat sank prior to my purchase, since it happened when the Boat was in their custody and care... As contracting agents of GSA, such knowledge was known or should have been known to GSA's contracting agent, Mrs. Victoria C. Knotts." (A082)

GSA did not specifically deny the asserted agency relationship in its Answer but relied for defense on the terms of the contract and assertions that Ed Weilbacher had no knowledge of the Boat sinking and that, in fact, the Boat did not sink. As affirmative defenses GSA specifically failed to deny agency (A119-A125).

Although Appellant earlier filed her request for the issuance of a subpoena for the testimony of Ed Weilbacher, GSA filed its motion for summary relief and supporting brief (A138-151). The CBCA then suspended discovery without issuing the requested subpoena. Other than the affidavit of Ed Weilbacher introduced by

GSA, no further testimony was obtained from him.

GSA's Motion for Summary Relief is based on the failure of Appellant to comply with the terms of the contract, i.e., Appellant failed to timely place the Contracting Officer on notice of the alleged mis-description. GSA denied that it falsely represented any information and denied that there were any hidden defects that materially affected the value of the Boat.[1]

In Appellant's response and counter-motion for summary relief she presented substantial proof that the Boat had sunk by presenting the sworn affidavit of Walter Terry, the person that raised the Boat; pictures of the sunken Boat taken by Walter Terry; a letter from Mr. Terry to the Kaskaskia Regional Port District (KRPD) regarding the sinking and his subsequent raising of the Boat; and certified copies of the minutes from the board meetings of KRPD at which the sinking and subsequent status of the Boat were discussed prior to the sale.

At oral arguments of the motions, GSA for the first time disavowed an agency relationship with Weilbacher, the GSA/custodian of the Boat. Appellant, who was present for the arguments, felt that such disavowment was at the suggestion of the CBCA judge. The Court allowed Appellant re-briefing primarily on the issue of

---

[1]Summary of motion provided by GSA at A255 in its Response to Appellant's Objection and Motion to Strike

agency.

Appellant filed her motion to excluded the oral statement of GSA denying agency relationship as not being evidence for consideration and further raised the issue that a denial of agency could not be subsequently asserted at this late date (A250-256). Appellant further asserted that GSA presented no evidence or proof that KRPD acting through its manager Weilbacher was not an agent of GSA. Appellant also filed her subsequent brief on the issue of agency asserting the Weilbarger, as manager for KRPD, was either directly an agent of GSA or, in the alternative, was an agent for the State of Illinois who was a joint venturer with GSA for purposes of the sale. (A269-A298).

Also, Appellant, now acting *pro se*, filed her motion to disqualify the hearing CBCA judge because Appellant believed such judge was directing the defense and could not impartially decide the issues. Appellant, still acting *pro se*, filed her allegation of improper action by the GSA attorney for continuing to assert to the CBCA that the Boat had not sunk prior to sale when the evidence overwhelmingly showed it had.

II. <u>Additional Statement of Facts</u>

    A.     <u>The Online Auction of the Blankenship</u>

The GSA's advertised descriptive offer of the Boat states:

"M/V BLANKENSHIP, 65~L, 18~W, 5~DRAFT, ESTIMATED DATE OF MFG: 1987, TWIN DRAFT V6-92TA DETROIT DIESEL ENGINES, ALLISON GEAR BOXES, MDL: 20L AND 20R. ENGINES REBUILT APRIL 1998 AND GEAR BOXES JUNE 1998. GENERATOR SETS: ONAN SERIES MDKAF 25KW, 1800 RPM (JUNE 1998) 120V, 1 PH, 60 HZ,104A, 12V BATTERY PORT MDL: 25.0 MDKAF/9492 7A AND STB MDL: 25.0 MDKAF/94927A. KUBOTA V2803B DIESEL ENGINE, 5 CYL, 46 BHP (34.7KW) MICHIGAN PAC-MASTER PROPELLER FOR HEAVY DUTY USE. FRESH WATER INTAKE FOR A/C UNIT PUMP CRACKED, STRAINER CASTINGS CRACKED, NEEDS NEW BATTERIES. VESSEL INCLUDES FURUNO SONAR, APC POWER SUPPLY, RADIO "RAY JEFFER", MARINE COLOR ECHO DEPTH SOUNDER AND RADIO RM. TWO WAY BASE STATION. VESSEL HAS BEEN STRIPPED OF INTERIOR WALLS AND FINISHES FOR RESTORATION. THERE HAVE BEEN NO ALTERATIONS TO THE VESSEL THAT ADDED HAZARDOUS MATERIALS, SPECIFICALLY PCBS OR ASBESTOS. HAS A LEAD BASE AND ASBESTOS REPORT. REPAIRS MAY BE REQUIRED. PARTS MAY BE MISSING. **DEFICIENCIES, WHEN KNOWN, HAVE BEEN INDICATED IN THE PROPERTY DESCRIPTION.** HOWEVER, ABSENCE OF ANY INDICATED DEFICIENCIES DOES NOT MEAN THAT NONE EXISTS."

No reference is contained within the description stating that the Boat had sunk while in the custody and control of the Kaskaskia Regional Port District. Further, it does not disclose that the Boat's engines took water within their internal chambers, which was subsequently drained and replaced with pure oil. (A163)

5

## B.  Ms. Saighi's Refund Demand Based on Misdescription

Within 15 days (i.e. a couple of weeks, being 14 days) of discovering the material omission of the undisclosed and hidden deficiency Appellant advised GSA's contracting officer of the same by email. During the initial notification on October 27, 2013 Appellant did not indicate any knowledge that Weilbacher, the custodial agent for GSA, had any knowledge of the sinking.

However, by December 1, 2013 and prior to the final determination by the Contracting Officer, Appellant amended her claim to assert the GSA/custodian of the Boat and other KRPD employees knew of the accurate condition of the Boat and the sinking of it. She further stated that if she had known about the "vital and crucial sunken event before the sale" she would not have entered her winning bid. Appellant requested either full refund of the purchase price, or in the alternative partial refund. (A076). It is undisputed that from October 27, 2013 through December 1, 2013 the Boat had been returned to and remained at its initial point of anchorage.

## SUMMARY OF ARGUMENT

CBCA and GSA maintain that the property listed on the website for sale (the Boat) conforms to the description.

Appellant asserts it does not.

CBCA and GSA maintain that by the terms of the agreement the Appellant is precluded from rescission because it was more than 15 days before she notified GSA of the alleged mis-description.

Appellant asserts that she entered into the agreement based upon the false representation by GSA that "deficiencies, when known, have been indicated in the property descriptions" and therefore the provision is inapplicable. Further, that she did notify within 15 days of discovery of the omission of the material hidden deficiency.

CBCA and GSA maintain that there was no basis for the CBCA to decide Appellant's allegations that the contract is voidable based on agency and joint venture theories because the same were not presented to the Contracting Officer.

Appellant asserts that she properly presented to the Contracting Officer the facts upon which she relied in seeking refund.

## ARGUMENT

I.   **Standard of Review**

"The decision of [an] agency board on any question of law shall not be final or conclusive, but the decision on any question of fact shall be final and conclusive and

shall not be set aside unless the decision is fraudulent, or arbitrary, or capricious, or so grossly erroneous as to necessarily imply bad faith, or if such decision is not supported by substantial evidence." 41 U.S.C. Section 7107(b).

The CBCA's decision to grant summary judgment is a legal conclusion, which this Court reviews without deference. *Rex Sys., Inc. v. Cohen, 224 F.3d 1367* (Fed. Cir. 2000). Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, disposition by summary judgment is appropriate. *Id.* at 587, 106 S.Ct. at 1356; *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248-49, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). Most importantly, summary judgments are reviewed de novo on appeal. *Higgins v. E.I. DuPont De Nemours & Co.,* 863 F.2d 1162, 1166-67 (4th Cir.1988); *Felty v. Graves-Humphreys Co.,* 818 F.2d 1126, 1127-28 (4th Cir.1987).

## II.  The CBCA Erred in Granting GSA's Motion for Summary Judgment

### A.  Reply to GSA's Assertion That CBCA Properly Granted GSA's Motion for Summary Relief.

GSA asserts that the CBCA has held as a matter of law that Appellant is by the terms of the contract precluded from asserting a refund or recision more than 15 days after completion of the sale. It is implied that the CBCA loses jurisdiction if the contract is voided. However, 41 U.S.C. §7105(e)(1)(b) grants CBCA jurisdiction

to decide any appeal from a decision of a contracting officer "relative to a contract made by that agency." Appellant has not asserted that the contract was void *ab initio*, but asserts that it is voidable because there was a material mis-representation made by GSA upon which Appellant relied in entering into the contract.

GSA further asserts that because "no one at GSA had any knowledge that the Blankenship sunk, the board's decision should be affirmed." This assertion is wrong. GSA's advertised description of the Boat stated: **"Deficiencies, when known, have been indicated in the property descriptions."**

"WHEN KNOWN" refers to knowledge by whom? Logically it means known by both GSA and the owning agency, in this case the State of Illinois. How do governmental entities acquire knowledge of a deficiency in a product? Most directly through its employees or agents. If GSA or the State of Illinois are imputed to have knowledge of a major hidden deficiency in the offered Boat which was not disclosed and such failure to disclose was material in inducing Appellant to contract, then GSA can not rely on the other terms of the contract to deny Appellant's refund request.

A.     **Reply to GSA's Assertion That Ms. Saighi Failed to Follow the Procedures Required by the Terms and Conditions of the Contract**

GSA asserts that Appellant had a "complete disregard for her obligations

under the contract" by not reporting the omissions within 15 days of the completion of sale. GSA asserts that had Appellant failed to inspect the Boat prior to sale she would "bear the risk for any gross omissions regarding the functionality of items, failure [by GSA] to cite major missing parts and/or restrictions with regard to usage that would have been revealed by physical inspection." Of course, GSA does admit that Appellant did inspect the Boat.

Appellant responds that GSA showed a complete disregard for its pre-contract sales representations by stating that all known deficiencies were listed.

In her initial claim Appellant asserted regarding Mr. Terry: "Furthermore the said resident visually did see both Blankenship detroit two engines & and the two generators were 'totally sunk' and immersed in the water, wherefore the water line was above the engines heights." (A064) The evidence clearly shows that after the Boat sunk water entered the internal structures of the engines commingling with the oil. The contaminated mixture was subsequently drained by Walter Terry and KRPD advised in writing of the sinking and the draining of water from the engines.

In the CO's initial determination dated November 19, 2013 she stated:

"As the Contracting Officer of this sale, I contacted Ed Weilbacher, the custodian and he confirmed the Blankenship was in sound condition and afloat at dock for 2 years prior to this sale. The dip sticks on the engines were checked and there was no water in the engines. The Blankenship was in the

state of remodeling that was never completed. The custodian also confirmed that all bidders were made aware of the condition and he made no assurances or guarantees that the engines ran." (A073)

From this finding by the CO several conclusions are apparent. It was material as to whether or not water had ever entered the engines. The way that is determined is to check the oil for water infiltrate. Ed Weilbacher was in an agency capacity for GSA because he was authorized by GSA to confirm to bidders the condition of the Boat.

Within 15 days of discovering the material hidden deficiency which could not have otherwise been discovered Appellant did put GSA on notice of her claim.

### B. Reply to Assertion The Board Properly Found That There Was No Genuine Issue Of Material Fact Regarding GSA's Knowledge Of Alleged Problems With the Blankenship

Contrary to the assertion by GSA, it did have knowledge imputed to it that the Boat had sunk. The knowledge of Kaskaskia Regional Port District, through its manager Ed Weilbacher, is imputed to GSA. At the request of the State of Illinois, owner of the Boat, Weilbacher assisted in the preparation of the description of the offered Boat. GSA's sales advertisement directed inquiries regarding the offered Boat as follows:

"Property Location and inquiries/questions regarding property inspection and/or removal:

Kaskaskia Regional Port District
Evansville Marina
Evansville, IL 62242
Contact: Ed Weilbacher
Phone: 618-282-3807
Fax: 618-282-3808
ED@KASKASKIAPORT.COM" (A032)

As stated earlier, the Contracting Officer even affirmed the relationship by stating:

"The custodian also confirmed that all bidders were made aware of the condition ..."

GSA argues at length that even if the Boat took water it does not mean that it entered the engines; or "that sitting in shallow water rendered the Blankenship's engines inoperable"; and that even if the engines had taken water, all of the engines issues pre-dated the alleged sinking; that the letter from Mr. Terry to KRPD might never have been read; and that based upon Mr. Terry's letter it can be inferred that the engines were repaired prior to sale. Appellant maintains that based upon the actual evidence and the logical inferences to be concluded therefrom, any such findings of fact would be arbitrary or capricious and not supported by substantial evidence.

C.      **Reply to Assertion that Ms. Saighi Failed To Prove Her Agency And Joint Venture Theories, And Failed Initially To Present Those Theories To GSA's Contracting Officer**

For purposes on ruling on a motion for summary judgement Appellant the CBCA erred in requiring Appellant to present clear and convincing evidence conclusively showing that Weilbacher's affidavit statements were false. The preponderance and greater weight of the evidence presented by Appellant shows that Weilbacher's affidavit statements were untrue. The administrators of the State of Illinois Surplus Property division found it incredulous that the Boat could have sunk and the custodian not know; Weilbacher was present at the multiple KRDP board meetings in which the condition of the Boat was discussed, including the one at which it was discussed that "it took water" and should be considered for salvage; and written notification was given KRDP by Walter Terry of the sinking and that the engines took water.

The CBCA further found that all of the evidence produced by Appellant failed to prove or indicate Weilbacher was acting as an agent of GSA during the course of this sale. This finding was made even though no evidence was introduced by GSA contradicting Appellant's evidence of an agency relationship. This finding is so arbitrary and capricious as to be considered "bad faith."

CBCA found, and GSA maintains, that Appellant failed to assert the legal theories of agency and joint venture to the Contracting Officer and therefore the same were precluded from determination by CBCA. Appellant maintains that the

13

facts asserted to the Contracting Officer and throughout the appeals has never varied, although additional evidence confirming those facts were presented the CBCA. The Contracting Officer already knew that Weilbacher, as manager of KRDP, was its custodial agent; the person upon whom it relied in obtaining information regarding the Boat; the person to whom the Contracting Office directed bidders making inquiry; and, further, knew that the sale was a joint venture with the State of Illinois with that the sale proceeds being equally divided. The factual basis for the claim is identical to the claim that was certified to the contracting officer. Appellant has never asserted that GSA had direct knowledge of the material mis-description. She has always asserted that the GSA's custodial agent had knowledge and that the knowledge is imputed to GSA.

A review of the evidence, including the emails between Illinois and GSA, clearly demonstrates the Contracting Officer considered the sale a joint venture and that the Boat's custodian was the joint venture's agent for purposes of providing sales and historical information regarding the Boat.

## CONCLUSION

The finding by the CBCA are subject to review *de novo* because its findings occurred in sustaining GSA's motion for summary judgment. Further, its finding of fact were arbitrary and capricious regarding all issues when the substantial evidence introduced by Appellant controverted those findings.

The decision of the CBCA should be reversed regarding its granting GSA's motion for summary judgment. The CBCA erred in failing to grant Appellant's motion for summary judgment because there no evidence denying the agency relationship and the evidence shows that Weilbacher knew the Boat had its engines submerged prior to sale but that known deficiency was not disclosed in the Boat's description.

Dated: December 21, 2015

Respectfully submitted,

/s/ Mitchell E. Shamas_____
Mitchell E. Shamas
Shamas Law Office pllc
6863 S Canton Ave
Tulsa, Oklahoma 74136-3405
(918) 496-0994

ATTORNEY FOR APPELLANT
YASMIN SAIGHI

## CERTIFICATE OF COMPLIANCE WITH RULE 32(a)

1.     This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B)(iii) because the brief contains 3,112 words, excluding those parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

2.     This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this brief has been prepared in a proportionally spaced typeface using WordPerfectX7 in Roman BT 14-point font.

/s/Mitchell E. Shamas
Mitchell E. Shamas
Attorney
December 21, 2015

## CERTIFICATE OF SERVICE

I hereby certify that on this 21st day of December, 2015, the foregoing

REPLY BRIEF OF APPELLANT was filed with the Clerk of Court using the

CM/ECF System.  Counsel for all parties are registered CW/ECF users and will be

served with the foregoing document by the Court's CW/ECF System.

/s/ Mitchell E. Shamas
Mitchell E. Shamas
Shamas Law Office, pllc
6863 S Canton Ave Tulsa, OK 74136
(918) 496-0994

*Counsel for Appellant*